UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Diane Victoria Soderberg,

           Plaintiff,        **MEMORANDUM OPINION**
v.                            **AND ORDER**
                                      Civil No. 10-4197 ADM/SER

Officer Bill Stanger, City of
Richfield, Officer Kevin Lehman,
and Officer Schwarze,

           Defendants.

_____

Diane Victoria Soderberg, pro se.

Stephanie A. Angolkar, Esq., and Jon K. Iverson, Esq., Iverson Reuvers, Bloomington, MN, on behalf of Defendants.

_____

      Plaintiff Diane Victoria Soderberg claims several Richfield police officers unlawfully searched her apartment. She moves for judgment on the pleadings pursant to Rule 12(c) of the Federal Rules of Civil Procedure; Defendants oppose the motion. The motion was submitted without oral argument, and for the following reasons, is denied.

      A court may grant judgment on the pleadings where it is apparent from the face of the pleadings that "no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008). The court must take as true all facts pleaded by the nonmoving party, and must draw all reasonable inferences in that party's favor. Id.

      Plaintiff alleges Defendants conducted a search and seizure that violated the Fourth Amendment. A warrantless search may violate the Fourth Amendment if no exceptions apply. Katz v. United States, 389 U.S. 347, 357 (1967). One well-recognized exception where a warrant is not necessary is when a person who possesses authority over the premises gives

consent to the search.  United States v. Matlock, 415 U.S. 164, 171 (1974).  If an officer has an objectively reasonable belief valid consent has been given, there is no Fourth Amendment violation.  Illinois v. Rodriguez, 497 U.S. 177, 186 (1990).

Because Plaintiff is the moving party, the Court cannot simply accept Plaintiff's version of the facts.  Instead the Court must take as true the facts pleaded in Defendants' Answer, and draw all inferences in Defendants' favor.  Here, Defendants allege the Richfield police were dispatched to Plaintiff's building based on a report of trespassing.  Answer ¶ 8 [Docket No. 10].  The building manager reported the suspect was in Plaintiff's apartment.  Ans. ¶ 14.  Although Plaintiff denied the suspect was there, she allowed the officers to enter the apartment.  Id.  The officers found the suspect hiding under the comforter on the bed, arrested him, and left.  Id.  Defendants specifically dispute Plaintiff's allegations that she requested a signed search warrant, that the officers threatened her and overpowered her, and that she did not consent to the search.  Id. ¶ 9.  Because Defendants assert Plaintiff validly consented to the search, the pleadings on their face present a material dispute of fact as to whether a constitutional violation occurred.

Plaintiff further alleges the unlawful search occurred because City of Richfield ("City") has a policy or custom of training its officers inadequately.  The City denies this allegation.  Ans. ¶¶ 7, 12.  As a result, in addition to the dispute of fact as to whether a constitutional violation took place, there is also a material dispute of fact as to whether the City can be held liable for it.

Because material disputes of fact are apparent from the face of the pleadings, judgment on the pleadings is inappropriate and Plaintiff's motion must be denied.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Docket No. 12] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: March 28, 2011.